UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BOYD E. HOUK                                                                                 PLAINTIFF

v.                                              CIVIL ACTION NO. 3:11-CV-222-H

WAYSIDE CHRISTIAN MISSION et al.                         DEFENDANTS

### MEMORANDUM OPINION and ORDER

Plaintiff, Boyd E. Houk, *pro se*, moves to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) in this case (DN 3). The Court concludes that Plaintiff cannot without undue hardship pay the fees or costs in this action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (DN 3) is **GRANTED**.

This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff's complaint names as Defendants Wayside Christian Mission, Tim H. Mosely, Sr., and Nina Mosely. He states in the portion of the complaint form asking for the grounds for filing in federal court: "was sent to prison on revocation of probation following orders of Wayside staff, wrongful treatment (mental abuse, verbal abuse by staff) discrimination, loss of income and hold parts of 2009 W-2 (1 yr)." Under the statement-of-claim portion of the complaint form, Plaintiff alleges "spent 1 yr of my life under lock & key by wrong of Wayside. Was verbally & mentally abused. Worked lots of overtime never paid. My W-2 from 2009 was held for 1 yr." As relief he states he wants punitive damages, investigation by wage and hour division, and prosecution of all wrongs as a result of investigations.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Federal courts hear only cases allowed under the Constitution or cases which Congress

has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Jurisdiction in this Court may be premised on a federal question. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The only allegation that could conceivably be related to a violation of the U.S. Constitution or federal law is Plaintiff's assertion of "discrimination." However, a plaintiff cannot make such a claim directly under the U.S. Constitution. Instead, he must bring it under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 499-500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). Plaintiff makes no allegation that Defendants are state actors, and jurisdiction cannot be premised on § 1983.

To the extent that Plaintiff could possibly be attempting to bring a claim of discrimination under federal employment law, he fails to state a claim. In order to satisfy the prerequisites of a Title VII employment-discrimination action, a claimant must file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and timely act on the Commission's Right-to-Sue letter. *Minnis v. McDonnell Douglas Tech. Servs. Co.*, 162 F. Supp. 2d 718, 729 (E.D. Mich. 2001). Plaintiff has not presented the Court with a Right-to-Sue letter from the EEOC. Consequently, jurisdiction in this case cannot be premised on federal-question jurisdiction.

Jurisdiction for Plaintiff's state-law claims cannot be premised on the diversity statute, 28

U.S.C. § 1332(a), as there is no diversity of citizenship between the parties.  Under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . . " 28 U.S.C. § 1332(a)(1).  "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  Plaintiff, however, does not demonstrate that he and Defendants are citizens of a State other than Kentucky.  Plaintiff's address and Defendants' addresses are all in Louisville, Kentucky.  Consequently, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint for lack of jurisdiction and failure to state a claim.

Date:


cc: Plaintiff, *pro se*
    Defendants
4412.009